IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LOCKFOB, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ILOQ LTD., <br><br> Defendant. | Case No. 2:25-cv-672 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, LockFOB, LLC ("LockFOB" or "Plaintiff") files this complaint for patent infringement against iLOQ Ltd. ("iLOQ" or "Defendant") for infringement of Patents 9,704,316; 11,080,951; 11,804,084; and 12,211,328 (collectively "the Patents-in-Suit").

**NATURE OF THE ACTION**

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including specifically 35 U.S.C. § 271.

2. In January 2025, LockFOB provided notice to iLOQ that several of its products infringe LockFOB's patents, which generally relate to smart lock technology. Exhibit 1.

3. LockFOB has offered iLOQ a license to its patents, but despite awareness of its infringement, iLOQ has declined to take a license and instead continues to use the inventions taught and claimed in LockFOB's patents without any compensation to LockFOB.

4. Before this suit, ILOQ did not identify any basis or reason to argue that it does not infringe LockFOB's patents or that LockFOB's patents are invalid.

**THE PARTIES**

5. LockFOB was founded in Palm Desert, California in 2018 with the goal of

pioneering smart lock technology products free of batteries to enable cost-efficient and environmentally friendly smart access control for the modern world.  https://www.lockfob.com/.

6. To support this goal, LockFOB develops and licenses its smart lock and "Free of Battery" lock solutions including padlocks, lever sets, lock cylinders, cabinet locks, dead bolts, lock latches, key fobs, and software applications that leverage near-field communication (NFC), Bluetooth, and Wi-Fi technology to enable smart access control.

7. From its creation, LockFOB has focused on providing smart access control solutions that minimize maintenance costs and environmental impact while providing a smooth implementation process for licensees and end users.

8. LockFOB continues its relentless innovation to this day. The USPTO has granted LockFOB many patents and LockFOB has multiple pending patent applications.

9. Defendant iLOQ is a Finnish limited company with a principal place of business at Elektroniikkatie 10 90590 Oulu, Finland, and may be served pursuant to the provisions of the Hague Convention.

## JURISDICTION AND VENUE

10. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and more particularly 35 U.S.C. § 271.

11. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12. iLOQ is subject to this Court's general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, Texas Civil Practice and Remedies Code Section 17.042, due at least to its substantial business conducted in this District, including: (i) operating its only North American distribution center, in conjunction with its partner Seko Worldwide, in

Denton County, Texas at 2660 Petty Place, Fort Worth, Texas which serves as a "hub" to facilitate "local product and customer support and service" (*See* Exhibit 2 and https://www.iloq.com/en/press_releases/wesco-and-iloq-form-strategic-partnership-in-north-america/; https://taxweb.dentoncounty.gov/Accounts/AccountDetails?taxAccountNumber=1044628DEN; and https://www.iloq.com/en-us/news/first-deliveries-leave-iloqs-new-distribution-center-in-dallas/); (ii) salespeople in Texas, see, e.g. https://www.iloq.com/en/annual-report-2024/building-a-solid-foundation-for-business-growth/ and (iii) being registered to do business in Texas, having solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas in this District, including benefits directly related to the instant patent infringement causes of action set forth herein; and (iii) having placed its products and services into the stream of commerce throughout the United Stated and having actively engaged in transactive business, including sales, in Texas and in this District.

13. iLOQ, directly and/or through its subsidiaries and agents (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas. These infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of Texas. iLOQ has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

14. This Court's exercise of personal jurisdiction over iLOQ is consistent with the Texas Long Arm Statute, Texas Civil Practice and Remedies Code Section 17.042, and

traditional notions of fair play and substantial justice.

15. Venue is proper in this District under 28 U.S.C. § 1400(b), which provides that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Venue is proper as to Defendant iLOQ, because it has committed acts of infringement in this District and has a regular and established place of business in this District.

16. Because Defendant iLOQ is organized under the laws of Finland, venue is also proper in this District under 28 U.S.C. § 1391(c)(3), which provides that "a defendant not resident in the United States may be sued in any judicial district."

## BACKGROUND FACTS REGARDING THE LOCKFOB PATENTS

17. LockFOB is the owner of record and assignee of each of the Patents-in-Suit.

18. LockFOB has the exclusive right to sue and the exclusive right to recover damages for infringement of the Patents-in-Suit during all relevant time periods.

19. On July 11, 2017, U.S. Patent 9,704,316 entitled "Contactless electronic access control system" was duly and legally issued by the USPTO.

20. On August 3, 2021, U.S. Patent 11,080,951 entitled "Contactless electronic access control system" was duly and legally issued by the USPTO.

21. On October 31, 2023, U.S. Patent 11,804,084 entitled "Contactless electronic access control system" was duly and legally issued by the USPTO.

22. On January 28, 2025, U.S. Patent 12,211,328 entitled "Contactless electronic access control system" was duly and legally issued by the USPTO.

## iLOQ'S INFRINGING PRODUCTS AND SERVICES

23. iLOQ makes, uses, imports, sells, and offers for sale products that use LockFOB's electronic access control technologies that LockFOB invented, as taught and claimed by LockFOB's Patents-in-Suit.

24. Several iLOQ-branded products ("Accused iLOQ Products") that feature NFC-enabled smart access control capabilities infringe LockFOB's patents, including various configurations of the following iLOQ products, for example:

   a. iLOQ's Battery-free programmable lock cylinders

   b. iLOQ's Battery-free programmable padlocks

   c. iLOQ's Battery-free programmable leversets

   d. iLOQ's Battery-free programmable cam locks

   e. iLOQ's Battery-free programmable key tube locks

   f. iLOQ's Rechargeable digital key.

25. iLOQ has been, and now is, directly infringing claims of the Patents-in-Suit under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing the Accused iLOQ Products in this District and elsewhere in the United States that comprise the devices, methods, and/or systems claimed in the Patents-in-Suit.

26. On information and belief, iLOQ also infringes the Patents in Suit under § 271(c).

27. At least after LockFOB provided notice to iLOQ of the U.S. Patent Nos. 9,704,316; 11,080,951; 11,804,084; and 12,211,328, because iLOQ knew that the use of its products would infringe LockFOB's patents, iLOQ has been inducing its customers to practice the method claims of these patents, e.g. '328 patent claim 24, by encouraging its customers to use the claimed methods, by technically designing its products to infringe, and by providing

instructions on how to use them in an infringing manner and promoting infringing uses of its products.  See § 271(b).

### iLOQ'S KNOWLEDGE OF THE PATENTS-IN-SUIT AND CONTINUED INFRINGEMENT DESPITE THAT KNOWLEDGE

28. Despite iLOQ's awareness of the Patents-in-Suit, iLOQ has and continues to make, use, sell, import, and/or offer for sale the Accused iLOQ Products that meet each and every limitation of the infringed claims of the Patents-in-Suit.

29. On January 10, 2025, counsel for LockFOB e-mailed and sent by UPS a letter to iLOQ informing iLOQ of LockFOB's patents, and how iLOQ's electronic access control products infringed LockFOB's patents. Exhibit 1. The letter, with exhibits, was 14 pages. UPS confirmed that the letter was delivered to iLOQ on January 14, 2025. Exhibit 3.

30. On January 27, 2025 iLOQ confirmed by email that it had received LockFOB's notice letter by email.

31. On February 10, 2025 LockFOB's counsel responded to iLOQ: "Hello, hope you are well, two weeks have passed so I'm checking in to see if iLOQ has any interest in a friendly resolution of this patent matter?"

32. On February 24, 2025, the law firm of Kolster Oy Ab confirmed receipt of the letter to iLOQ, stated that it was representing iLOQ, and provided a response letter stating that iLOQ was not interested in licensing Lockfob's patent portfolio.

33. Also on February 24, 2025, counsel for LockFOB asked if iLOQ or its counsel would identify any factual basis for any non-infringement or invalidity position, asking iLOQ to identify and explain which elements the patent claims iLOQ's products and services do not meet by identifying the element and the factual basis for why you contend that iLOQ does not meet the patent claim element and/or please identify and provide us with the alleged prior art

documents and an explanation as to why iLOQ contends they would invalidate any LockFob patent claim (e.g. how the reference meets the claim element).

34. iLOQ's lawyer responded by email on March 7 and declined to identify any legal or factual basis for non-infringement or invalidity.

35. The acts that iLOQ alleges to give rise to infringement liability, as described above, are continuing.

36. iLOQ's acts of infringement will continue unless enjoined.

37. iLOQ's infringement of the LockFOB's patents is ongoing.

38. iLOQ will not stop its infringement of the LockFOB's patents absent a Court order restraining it from future infringement.

39. iLOQ's infringement of LockFOB's patented technology has caused LockFOB irreparable harm that cannot be adequately compensated by monetary damages alone, including lost market opportunities, lost access to markets, lost and delayed business relationships, lost and delayed distribution and loss of control over the use of LockFOB's patented technology, all of which are difficult to fully quantify. Monetary damages are not a sufficient remedy for the harm LockFOB has suffered and continues to suffer due to iLOQ's infringement.

40. LockFOB's patented inventions drive demand for iLOQ's products and created this market opportunity—years ahead of anyone else in the industry.

41. The balance of hardships favors a permanent injunction because, absent an injunction, LockFOB will endure significant hardships from irreparable harm to its market position, market opportunities, reputation, goodwill, and loss of patent term. As to iLOQ, a permanent injunction would allow iLOQ a reasonable amount of time to bring its infringing activities to a complete end.

42. An injunction is in the public interest because patents are an important property right granted by the U.S. Constitution and granting a permanent injunction in a patent cases will serves the public interest by alleviating the burden defendants have put on the U.S. court system in which they believe that their only risk is ultimately paying money damages.

### COUNT I: INFRINGEMENT OF U.S. PATENT 9,704,316

43. LockFOB sets forth by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

44. LockFOB also incorporates by reference the claim chart attached as Exhibit 4.

45. iLOQ directly infringes claims 1, 6, 7, 9, and 10 of the '316 Patent by importing, making, selling, offering to sell, and/or using the Accused iLOQ Products.

46. iLOQ makes, uses, and/or imports the Accused iLOQ Products knowing that iLOQ infringed and continues to infringe at least claims 1, 6, 7, 9, and 10 of the '316 Patent under 35 U.S.C. § 271(a) directly.

47. As a direct and proximate result of iLOQ's acts of patent infringement, LockFOB has been and continues to be injured, and has sustained and will continue to sustain damages.

### COUNT II: INFRINGEMENT OF U.S. PATENT 11,080,951

48. LockFOB sets forth by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

49. LockFOB also incorporates by reference the claim chart attached as Exhibit 5.

50. iLOQ directly infringes claims 1, 6, 7, 9, and 10 of the '951 Patent by importing, making, selling, offering to sell, and/or using the Accused iLOQ Products.

51. iLOQ makes, uses, and/or imports the Accused iLOQ Products knowing that iLOQ infringed and continues to infringe at least claims 1, 6, 7, 9, and 10 of the '951 Patent

under 35 U.S.C. § 271(a) directly.

52. As a direct and proximate result of iLOQ's acts of patent infringement, LockFOB has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT III: INFRINGEMENT OF U.S. PATENT 11,804,084

53. LockFOB sets forth by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

54. LockFOB also incorporates by reference the claim chart attached as Exhibit 6.

55. iLOQ directly infringes claims 1, 2, 4, 5, 6, 11, and 14 of the '084 Patent by importing, making, selling, offering to sell, and/or using the Accused iLOQ Products.

56. iLOQ makes, uses, and/or imports the Accused iLOQ Products knowing that iLOQ infringed and continues to infringe at least claims 1, 2, 4, 5, 6, 11, and 14 of the '084 Patent under 35 U.S.C. § 271(a) directly.

57. As a direct and proximate result of iLOQ's acts of patent infringement, LockFOB has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT IV: INFRINGEMENT OF U.S. PATENT 12,211,328

58. LockFOB sets forth by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

59. LockFOB also incorporates by reference the claim chart attached as Exhibit 7.

60. iLOQ directly infringes claims 1, 10, and 24 of the '328 Patent by importing, making, selling, offering to sell, and/or using the Accused iLOQ Products.

61. iLOQ makes, uses, and/or imports the Accused iLOQ Products knowing that iLOQ infringed and continues to infringe at least claims 1, 10, and 24 of the '328 Patent under 35 U.S.C. § 271(a) directly.

62. At least after LockFOB provided notice to iLOQ of the U.S. Patent No. 12,211,328 on January 10, 2025 and 24 February 2025, because iLOQ knew that the use of its products infringes LockFOB's patent, iLOQ has been inducing its customers to practice the method claims of this patents, e.g. '328 patent claim 24, by encouraging its customers to use the claimed methods, by technically designing its products to infringe, and by providing instructions on how to use them in an infringing manner and promoting infringing uses of its products. See § 271(b).

63. As a direct and proximate result of iLOQ's acts of patent infringement, LockFOB has been and continues to be injured, and has sustained and will continue to sustain damages.

## WILLFUL INFRINGEMENT

64. iLOQ has infringed and continues to infringe the above identified claims of Patents 9,704,316; 11,080,951; 11,804,084; and 12,211,328 despite its knowledge of the Patents-in-Suit and its knowledge that at least the Accused iLOQ Products were and are using LockFOB's patented technology and the objectively high likelihood that its acts constitute patent infringement.

65. iLOQ's infringement of these patents is willful and deliberate, and its actions constitute egregious misconduct, including refusing to take a license, refusing to negotiate in good faith, and having knowledge and notice of the infringement but stating no factual basis for non-infringement or invalidity pre-suit. This willful misconduct by iLOQ entitles LockFOB to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

LockFOB demands a trial by jury on all issues that may be so tried.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LockFOB requests that this Court enter judgment in its favor and against iLOQ as follows:

A. Adjudging, finding, and declaring that iLOQ has infringed of the above-identified claims of each of the Patents-in-Suit under 35 U.S.C. § 271;

B. Adjudging, finding, and declaring the Patents-in-Suit valid and enforceable;

C. Awarding the past and future damages arising out of iLOQ's infringement of the Patents-in-Suit to LockFOB in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

D. Adjudging, finding, and declaring that iLOQ's infringement is willful and awarding enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

E. Adjudging, finding, and declaring that this is an exceptional case pursuant to 35 U.S.C. § 285;

F. Awarding attorney's fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law; and/or

G. Issuing a permanent injunctions enjoining LockFOB and LockFOB's agents, officers, employees, assigns and others acting in concert with them from committing any further act of infringement, whether direct or indirect, of the patents-in-suit;

H. Granting LockFOB such other further relief as is just and proper, or as the Court deems appropriate.

Dated: July 1, 2025                                Respectfully submitted,

                                                  By: */s/ Alison Aubry Richards*

Alison Aubry Richards (aricharts@giplg.com)
(IL Bar # 6285669, *also admitted in ED Texas*)
Global IP Law Group, LLC
55 W. Monroe St., Ste. 3400
Chicago, Illinois, 60603
Phone: 312.241.1500

*Attorneys for Plaintiff LockFOB, Inc.*